UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DANA HAVEN, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) Civil No. 5-176-B-W |
| PATRICIA WORTH, | ) ) ) |
| Defendant | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS
CIVIL RIGHTS COMPLAINT**

Dana Haven has filed a 42 U.S.C. § 1983 civil rights action against Patricia Worth, a judge of the Maine District Court. His complaint charges Worth with violating his rights under the Fifth and Fourteenth Amendments of the United States Constitution, Article 1 of the Maine Constitution, titles 17A, 19A of the Maine Revised Statutes, and Maine Rule of Evidence 402. Haven describes these claims as "libel charges." Haven also seeks redress against Worth under the Maine Code of Judicial Conduct. The claims stem from Haven's protection from abuse proceeding. Worth, Haven alleges, ignored the laws when presiding over his prosecution and ruling on his motion for reconsideration and appeals. He alleges that on the last correspondence Haven sent to Worth, Worth stamped the motion "denied" with no explanation; Haven takes "this last response as a 'slap in the face' and thus malicious on [Worth's] part." Haven sues Worth in her official and personal capacities. Haven has fully litigated a suit against Worth arising from the same proceeding in the State courts. Haven has also previously litigated a federal civil

suit arising from the same proceeding but that suit was against other defendants.[1] Worth has filed a motion to dismiss (Docket No. 4) and I recommend that the Court grant the motion for the reasons that follow.

## *Discussion*

### *Official Capacity Claims*

With respect to Haven's claims against Worth in her official capacity, this Court has already spoken on the fatal flaw of this theory of liability in the context of Haven's efforts to amend his 2004 federal civil rights complaint to name, among others, Worth in her official capacity. The Court reasoned:

> The Amended Complaint seeks to add individual state employees as named defendants. The Plaintiffs are alleging these named individuals were acting in their respective capacities as judges or, in Ms. Whitney's case, as a state employee of the Division of Support Enforcement & Recovery. In Will, the Supreme Court stated: "Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. (citation omitted) As such, it is not different from a suit against the State itself." Will [v. Mich. Dep't of State Police], 491 U.S. [58,]71 [(1989)]; O'Neill v. Baker, 210 F.3d 41, 47 (1st Cir. 2000). By seeking to amend their complaint to add these individual defendants, the Plaintiffs add nothing to their claim. ... [T]he amendment would be futile. ...

(Haven v. State of Maine, Civ. No. 04-93-B-W, Docket No. 17, Order at 4) (footnote omitted).[2] Per the holding of Will and this Court reasoning on the motion to amend, Haven's complaint against Worth in her official capacity should be dismissed.

---

[1] As discussed below, Haven did attempt to amend that complaint to allege a claim against, among others, Worth in her official capacity.

[2] Haven indicates that the reason that he added the official capacity claim was to reference (or determine) the capacity in which Worth was operating when she violated Haven's rights. (Resp. Mot. Dismiss at 1-2.) He states that he does not seek monetary damages from the State of Maine but from Worth personally. (Id. at 2.) This concession is tantamount to an acquiescence to the dismissal of the official capacity claims against Worth.

2

*Individual Capacity Claims*

With respect to Haven's claims against Worth in her individual capacity, Worth points to the 2003 suit that Haven commenced in the State courts against Worth. Worth was the sole defendant in that action and Haven alleged that Worth accepted inadmissible evidence, did not properly interpret the intent behind Haven's correspondence to Worth, spoke sharply to Haven's witness, and tapped Haven on the arm, twice indicating "that she wanted 'none of that abuse in her court room.'"  (Mot. Dismiss Ex. A.)  In that case the Superior Court concluded that Worth was absolutely immune from his suit and dismissed the lawsuit with prejudice.  (Id. Ex. C.)  The Maine Law Court held in Haven's appeal: "Because government employees acting in a judicial capacity are absolutely immune from civil suit pursuant to 14 M.R.S.A. § 8111(1)(B) (2003), Haven has not stated a claim upon which relief can be granted."  (Id. Ex. D.)  The Law Court denied Haven's motion for reconsideration.  (Id. Ex. E.)

With respect to the preclusive effect of the Maine Court's rulings, in Roy v. City of Augusta the First Circuit explained:

> It is well established that general principles of res judicata apply in civil rights actions. See, e.g., Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982) (Title VII); Allen v. McCurry, 449 U.S. 90 (1980) (collateral estoppel applies in section 1983 actions); Isaac v. Schwartz, 706 F.2d 15 (1st Cir.1983). In determining the preclusive effect of a state court judgment, federal courts must look to the state's law. Id. at 16. We therefore turn to the Maine law of res judicata in order to determine whether Roy's Maine litigation bars the present action.
> For the doctrine of res judicata to be applied in Maine "the court must satisfy itself that 1) the same parties, or their privies are involved; 2) a valid final judgment was entered in the prior action; and 3) the matters presented for decision were, or might have been, litigated in the prior action." Kradoska v. Kipp, 397 A.2d 562 (Me.1979). ....

712 F.2d 1517, 1520-21 (1st Cir. 1983) (footnote omitted).

To the extent that the allegations of Haven's current complaint pertain to actions taken by Worth prior to the filing of his September 2003 complaint, Haven is precluded from re-litigating those claims in this forum. To the extent that Haven is alleging that Worth mistreated his correspondence after the filing of that complaint, Worth is entitled to judicial immunity; the alleged treatment of Haven's correspondence concerning his case would be action taken within Worth's judicial capacity, see Pierson v. Ray, 386 U.S. 547, 553-54 (1967); see also Brown v. Ives, 129 F.3d 209, 212 (1st Cir. 1997) ("Maine's judges are absolutely immune from damage claims based on their judicial decisions. See Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Nor can we review decisions of the Maine courts even for constitutional error; only the Supreme Court can do that. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).").

*Conclusion*

For the reasons given herein, I recommend that the Court **GRANT** the motion to dismiss.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated: January 25, 2006

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

4